# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1188V
(not to be published)

PAUL M. KESTEL,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Chief Special Master Corcoran

Filed: May 31, 2022

Special Processing Unit (SPU);
Attorney's Fees and Costs

_Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner._

_Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent._

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 12, 2021, Paul M. Kestel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, _et seq._[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine received on September 2, 2020. (Petition at 1). On March 10, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer.  (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 18, 2022 (ECF No. 37), requesting a total award of $30,674.15 (representing $28,220.70 in fees and $2,453.45 in costs). In accordance with General Order No. 9, Petitioner also filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 37-4). Respondent reacted to the motion on March 31, 2022, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 39). On March 31, 2022, Petitioner filed a reply stating that "Petitioner agrees and requests the court to proceed to a consideration of and decision on the motion".  (ECF No. 40).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A.  Hourly Rates

Petitioner requests compensation for attorney Richard Moeller based on the following rates: $363 per hour for time billed in 2021, and $379 for time billed in 2022. For attorney Coyreen Weidner, he seeks $220 per hour for time billed in 2021, and $274 per hour for time billed in 2022.  (ECF No. 37 at 3). The requested rates for time billed in 2021 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. I find the requested rates for 2022 are also acceptable.

### B.  Administrative Time

The filed billing records reveal several instances in which work was performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

There are 3.8 hrs hours was billed on tasks considered administrative. Examples of these tasks include:

- January 13, 2021 (0.30 hrs) "Assemble the engagement and agreement for electronic transmission; email client the same";
- March 4, 2021 (0.10 hr) "Receive 2 faxes from MRO for prepayment of $49.50; pay online"
- March 22, 2021 (0.20 hrs) "Receive records from Siouxland Urology and save them as an exhibit; print the invoice $20.00 and give to DH to handle"; and
- December 21, 2021 (0.20 hrs) "Assist with formatting the final demand letter into a PDF and scan to the server and send the path of all documents to include in the path to send with the demand to RHM."

3

(ECF No. 37-1 at 2, 4, 5 and 14).

Because the Program does not reimburse such administrative tasks, I will reduce the amount of fees to be awarded by **$418.00**.[3]

## ATTORNEY COSTS

Petitioner requests $2,453.45 in overall costs. (ECF No. 37 at 1). This amount is comprised of obtaining medical records, shipping fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion, and award a total of **$30,256.15** (representing $27,802.70 in fees and $2,453.45 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of 3.8 hrs at $110 for a total of $418.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.